UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff ) | |
| ) | |
| ) | |
| vs. ) | CAUSE; 3:25-CR-00033 |
| ) | |
| ) | |
| NEIL LACHMUND ) | |
| Defendant ) | |

**SENTENCING MEMORANDUM OF NEIL LACHMUND**

Comes now the Defendant, Neil Lachmund, by and through counsel and submits his sentencing memorandum.

**SENTENCING REQUEST**

Neil Lachmund, for the reasons set forth below, requests this Court for a sentence below the applicable guideline range as found in the PSR.

Mr. Lachmund submits that a sentencing range of no more than 360 months is sufficient, but not greater than necessary, under the facts and circumstances of this particular matter. 18 USC 3553(a). Any greater sentence would be more than necessary.

**INTRODUCTION**

The Sentencing Guidelines simply do not take into consideration relevant factors in this individualized case. A guideline sentence as calculated by the PSR would hinder, rather than further, the stated purpose, goals and objectives for sentencing as found in 18 USC 3553(a). A sentence below the applicable guideline range would in no way insufficiently punish Mr. lachmund or diminish the seriousness of his conduct.

Below, Mr. Lachmund will individually address the statutory factors, as they relate to his sentence, in a piecemeal manner. However, as cited in the immediately following section, Mr. Lachmund maintains that this Court should determine an individualized sentence for him and his crime without particular weight given to any one subpart of the statute.

1

1.     **Sentence Recommended by the Sentencing Guidelines**

The guideline term of imprisonment contained in the PSR is a range of 780 months. The Arguments made by Mr. Lachmund in the following paragraphs will ask the Court to consider a sentence below the applicable guideline range as contained in the PSR and for a sentence of no more than 360 months based upon the factors of 18 USC 3553(a).

2.     **Nature of the Offense; 18 USC 3553(a)(1)**
       **Need for Sentence to Reflect the Offense's Seriousness; 18 USC 3553(a)(2)(A)**
       **Need for Sentence to Promote Respect for the Law; 18 USC(a)(2)(A)**
       **Need for Sentence to Provide Just Punishment; 18 USC 3553(a)(2)(A)**
       **Need for Sentence to Afford Deterrence to Criminal Conduct; 18 USC 3553(a)(2)(B)**

Congress has deemed the matters to which Defendant, Neil Lachmund, has been found guilty of as serious crimes as evidenced by the maximum sentence of seven hundred and eighty (780) months. Mr. Lachmund contends that his circumstances warrant and constitute a mitigation of the sentence delineated in the PSR. This Court may certainly impose a sentence less than the maximum possible sentence without degrading the seriousness of the instant offense. A sentence of 360 months, or thirty (30) years, is a substantial penal consequence and in no way would minimize the nature of the offenses to which he has pled guilty. Such a substantial term of years also provided for just punishment and be a significant deterrent to others considering comparable criminal conduct.

3.     **History and Characteristics; 18 USC 3553(a)(1)**

Mr. Lachmund submits that 18 USC 3553(a) requires that a sentencing court look to the nature and characteristics of the offender. However, the only offender characteristic taken into account by the guidelines is criminal history. Mr. Lachmund is in Criminal History Category II having minimal prior criminal history.

Mr. Lachmund has some college education and has been consistently employable. As a bi-lingual veteran of the Marine Corp., he has demonstrated an ability to learn, adapt, and thrive in an atmosphere of structures and discipline. While the instant offenses will inherently cast a shadow on the many success stories he has earned throughout his life, those successes should not be disregarded. In some ways, in many ways, he was a pilar of our community. A thorough analysis would even suggest that in *some* ways he acted as a loving and unselfish father.

Mr. Lachmund also has the strong support of at least some of his family. The comments of his mother, Janice Moelker, speak volumes about his character, aside from the criminal conduct. The theme seems to be one of empathy and concern for others. A superficial observation might suggest this to be inconsistent with "selfish" crimes to which Mr. Lachmund has admitted guilt. However, being a person in active addiction to methamphetamine, suffering from unmedicated mental health conditions, and being unable/unwilling to control a desire for

young girls and/or child pornography, is not necessarily mutually exclusive with being a truly empathetic and caring person.

It is difficult to assign a root cause or even a broad explanation for the rather unique and egregious facts of the case at bar. It is notable, however, that Mr. Lachmund suffers from PTSD and was a sex assault victim, himself, at a very young age. This would be the undercurrent as he was a young adult, successful in many areas: a married father, Marine Corp. veteran, law enforcement officer, etc. He does not offer anything as an excuse for his criminal behavior. Instead, he offers the objective picture that he was capable of achieving the American dream, and for whatever reason, experienced a downward spiral of epic proportions.

Given these characteristics, Mr. Lachmund argues that a sentence below the applicable guideline sentence, thirty (30) years, is both warranted and appropriate.

### 4. Need for the Sentence to provide the Defendant with Needed Educational, Rehabilitative or Vocational Training, Medical Care, or Other Correctional Treatment; 18 USC 3553(a)(2)(D)

Although Mr. Lachmund does not believe he needs drug treatment at this time, the record suggests otherwise. Specifically, he scored an eight (8) on the Texas Christian University Drug Screening V, demonstrating a current need for drug treatment. Additionally, he characterizes his addiction as "considerably serious". Weekly use of methamphetamine over a period of years, in isolation from and hiding the drug use from others, should be considered a serious addiction warranting an investment in rehabilitative services.

### 5. Kinds of Sentences Available; 18 USC 3553(a)(3)

The Court has within its discretion to determine that an executed sentence below the applicable guideline sentence as found in the PSR is appropriate.

### CONCLUSION

For all the above and foregoing reasons, Neil Lachmund prays this Honorable Court to sentence him below the applicable guideline range to a sentence of no more than 360 months. Such a sentence would serve to provide a sentence that is sufficient but not greater than necessary for his particular circumstances.

                Respectfully Submitted,

                /s/ David K. Payne
                David K. Payne
                Attorney for Defendant, Neil Lachmund
                dpayne@braje-nelson.com

## CERTIFICATE OF SERVICE

 The undersigned counsel for Defendant, Neil Lachmund does hereby certify that a copy of the foregoing was served on counsel for the government via the district court's CM/ECF system this 10th day of September, 2025.

           /s/ David k. Payne
           David K. Payne
           Attorney for Defendant, Neil Lachmund